76791. UTICA MUTUAL INSURANCE COMPANY v. CHASEN.
(371 SE2d 448)

BANKE, Presiding Judge.
The appellee filed suit against four named defendants (Jarrett, Frazier Service Company, Davison, and Skillin) to recover for personal injuries sustained in an automobile accident. In her original complaint, the appellee alleged that her vehicle had been struck from the rear by a Dodge van owned by Frazier Service Company and being driven by Jarrett and that a Chevrolet Chevette owned by Skillin

and being driven by Davison had then hit the van from the rear, causing her vehicle to be struck again. The appellant, Utica Mutual Insurance Company, was served as the appellee's uninsured motorist carrier and filed an answer in its own name. Utica moved for summary judgment after learning through discovery that none of the named defendants were either uninsured or underinsured, and the appellee responded by amending her complaint to allege, for the first time, that "the subject incident was caused in whole or in part by the negligence of an unknown motorist." However, the appellee did not seek at any time to add a John Doe defendant as a party to the action. The trial court denied Utica's motion for summary judgment, whereupon we granted an interlocutory appeal to address the legal effect of the appellee's amendment to her complaint. *Held*:

In order to obtain a judgment against an uninsured motorist carrier based on the negligence of an unknown motorist, it is necessary to institute an action against the unknown motorist as a "John Doe" defendant. See OCGA § 33-7-11 (d). Upon being served with a copy of the complaint and summons against the John Doe defendant, the insurance company is authorized pursuant to OCGA § 33-7-11 (d) "to file pleadings and take other action allowable by law in the name of 'John Doe' or itself." Id. See generally *Peagler & Manley Ins. Agency v. Studebaker*, 156 Ga. App. 786 (275 SE2d 385) (1980).

Because the amendment did not seek to add a John Doe defendant, and because it is undisputed that none of the existing defendants were either uninsured or underinsured, we hold that Utica's motion for summary judgment should have been granted. Accordingly, we do not reach the issue of whether, had the amendment sought to add a John Doe defendant (see generally OCGA §§ 9-11-15; 9-11-21) the trial court would have been authorized to treat it as relating back to the date of the filing of the original complaint for statute of limitation purposes. See generally OCGA § 9-11-15 (c); *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14 (217 SE2d 358) (1975).

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JULY 11, 1988.

*Michael J. Rust*, for appellant.
*Patrick J. Fox*, for appellee.