A90A1080. UTICA MUTUAL INSURANCE COMPANY et al. v. CHASEN.
(395 SE2d 40)

DEEN, Presiding Judge.

Ms. Chasen, appellee here, was injured in an automobile collision on May 15, 1984, in which two known drivers (and, as was later learned, perhaps a third, unknown person) were involved. In her complaint filed May 6, 1986, Ms. Chasen named as defendants the drivers and owners of the two known vehicles; appellant Utica Mutual Insurance Company (Utica) was served as plaintiff's uninsured motorist carrier, pursuant to OCGA § 33-7-11, but no unidentified motorist was named, and no "John Doe" defendant was designated. Utica answered in its own name and subsequently, upon learning that the named defendants were fully insured, sought summary judgment.

In replying to Utica's motion on October 30, 1987, Ms. Chasen acknowledged that all the named defendants were insured, but asserted that a witness, in deposition testimony taken after expiration of the two-year statute of limitation, had averred that he had seen another, unidentified driver involved in the collision. On the same date plaintiff, without seeking leave of court, amended her complaint, alleging that the accident "was caused in whole or in part by the negligence of an unknown motorist."

In November 1987 Utica filed a motion to dismiss the amended complaint on the ground that the two-year statute of limitation had expired between the filing of the original complaint and the filing of the amendment. In denying Utica's motions for summary judgment

and for dismissal, the court held on January 19, 1988, that the amendment related back to the date of the original complaint but that plaintiff should have sought leave of the court to file the amendment. On that same date Utica filed an interlocutory appeal to this court, which on July 11, 1988, reversed the trial court's order. *Utica Mut. Ins. Co. v. Chasen*, 187 Ga. App. 796 (371 SE2d 448) (1988).

In May 1988, while the interlocutory appeal was still pending, plaintiff filed a motion to add a party defendant, expressly requesting leave of court to add " 'John Doe' or 'unknown motorist.' " In the brief in support of the motion, Chasen contended that, because no pre-trial order had been entered in the case, she could add a party as a matter of right under OCGA § 9-11-15 (a) but was nevertheless seeking leave of court; and that under OCGA § 9-11-15 (c) the motion would relate back.

Utica filed no response to this motion, and on July 22, 1988, the trial court granted the motion and ordered that within ten days plaintiff must file an amended complaint naming John Doe as a party defendant. Plaintiff complied on July 28, and on November 3 Utica answered in the name of John Doe and counterclaimed, pleading the statute of limitation.

On November 15, 1988, Utica filed a motion to dismiss the second amended complaint, contending that, pursuant to the Court of Appeals' July 1988 ruling on the trial court's January 1988 order, Utica should no longer be a party to the action; the statute of limitation barred further claims; and there should no longer exist an original complaint against Utica to which the amended complaint could relate back. On December 18, 1989, the trial court denied Utica's November 1988 motion to dismiss, determining that the amendment did relate back to the timely filed original complaint. Utica sought an interlocutory appeal of this ruling, and this court granted the application. *Held*:

Appellant enumerates a single error: that the trial court erred in denying Utica's motion to dismiss the amended complaint of July 28, 1988, inasmuch as the amended complaint should not have been deemed to relate back to the filing of the original complaint, and should therefore have been barred by the two-year statute of limitation.

OCGA § 9-11-21 provides in pertinent part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action. . . ." Georgia's Supreme Court has held that the phrase "at any stage" includes during an appeal. *Guhl v. Tuggle*, 242 Ga. 412 (249 SE2d 219) (1978); accord *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805 (371 SE2d 421) (1988). In the instant case plaintiff sought to add " 'John Doe' or 'unknown motorist' " in May 1988, during the pen-

dency of Utica's first interlocutory appeal, *Utica Mut. Ins. Co. v. Chasen*, 187 Ga. App. 796 (371 SE2d 448) (1988). On July 11 this court reversed the trial court but expressly reserved judgment on whether the amendment would have related back had plaintiff "sought to add a John Doe defendant," citing *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14 (217 SE2d 358) (1975). Eleven days later the trial court granted plaintiff's motion to add a "John Doe" defendant. This (second) amended complaint, timely filed in compliance with the trial court's order of July 22 and with OCGA § 9-11-5 (a), triggered Utica's motion to dismiss on the basis that, in the circumstances of the instant case, the "relation back" doctrine set forth in OCGA § 9-11-15 (c) did not apply because Utica had been dismissed from the original action and could not be brought in on an amended complaint filed after expiration of the statute of limitation.

We disagree with appellant Utica's contention and therefore must affirm the judgment below. Subsection (c) prescribes that "[w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading. . . . An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

In *Sam Finley, Inc. v. Interstate &c. Ins. Co.*, supra at 18, this court, in discussing the operation of subsection (c), supra, quoted from the discussion in Moore's Federal Practice of the development of Federal Rule 15 (c), the prototype of OCGA § 9-11-15 (c), as follows: "Statutes of limitations are designed to ensure that parties are given formal and seasonable notice that a claim is being asserted against them. Rule 15 (c) is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the . . . statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of [them]. . . . Rule 15 (c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that

statutes of limitations are intended to afford." 3 Moore's Federal Practice, §§ 15.15 (2); 15.15 (3). Accord *Gordon v. Gillespie*, 135 Ga. App. 369 (217 SE2d 628) (1975); *Rich's v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975).

Our examination of the record before us shows that in the instant case all the requirements of OCGA § 9-11-15 (c) have been satisfied, and that appellant's enumeration is therefore without merit. See *Black & White Constr. Co. v. Bolden Contractors*, supra at 806.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 29, 1990 —
REHEARING DENIED JUNE 11, 1990 —

*Fortson & White, Michael J. Rust, Beth H. Paradies*, for appellants.

*McNally, Fox, Mahler & Cameron, Patrick J. Fox, Randall K. Coggin, Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Drew, Eckl & Farnham, James M. Poe, Lokey & Bowden, Samuel P. Pierce, Jr.*, for appellee.