A03A0030. ROSALES et al. v. DAVIS et al.
(580 SE2d 662)

ANDREWS, Presiding Judge.

Elizabeth and Bernard Davis sued for injuries they suffered when the car they occupied was sideswiped and rear-ended by two cars which appeared to be engaged in a chase. The Davises' suit claimed that defendant Michael Rodriguez drove the car which sideswiped their car, and that the chasing car which rear-ended them was owned by defendant Mary Rosales and was driven by defendant Rolando Rosales. Because both of the cars left the scene of the accident before the Davises could identify the cars or drivers, the suit also named John Does as alternative drivers of the cars.

We granted the application of Mary and Rolando Rosales for an

---

interlocutory appeal from the denial of their motion for summary judgment. The Rosaleses admitted that Mr. Rosales owned the car which rear-ended the Davises, but they claimed it had been stolen and denied driving the car at the time of the accident. The Davises claimed that, although there was no direct evidence establishing the driver, the circumstantial evidence was sufficient to create a question of fact as to whether Mr. Rosales was the driver. Because we find an absence of direct or circumstantial evidence sufficient to create a factual issue on the claims against the Rosaleses, we reverse. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. First, we address the Davises' claim that, after this appeal was docketed, it became moot and should be dismissed.

Just prior to our order granting the interlocutory appeal, the Davises attempted to voluntarily dismiss their claims against Ms. Rosales pursuant to OCGA § 9-11-41 (a), and after the appeal was docketed, they similarly attempted to dismiss their claims against Mr. Rosales pursuant to the same Code section. Neither of these separate attempts, filed without an order from or permission of the court, was an effective dismissal of a party from the suit. Section 9-11-41 (a) provides for voluntary dismissal without prejudice of a party's action, but it does not provide for voluntary, unilateral dismissal of a party's claims against some but not all of the parties to an action. *Manning v. Robertson*, 223 Ga. App. 139, 140-141 (476 SE2d 889) (1996). The dismissal of less than all the parties from an action, including while the case is on appeal, is accomplished under OCGA § 9-11-21 with the requirement that it be done by order of the court. Id.; *Guhl v. Tuggle*, 242 Ga. 412, 414 (249 SE2d 219) (1978). Accordingly, the attempted voluntary dismissals were ineffective, and the appeal is not moot.

2. The Davises conceded in their response to the motion for summary judgment that there was no evidence that Ms. Rosales was the owner or driver of the car involved in the accident, so the trial court erred by denying summary judgment to Ms. Rosales. The only contested issue on the motion was whether the circumstantial evidence was sufficient to show Mr. Rosales drove the car which rear-ended the Davises.

Evidence showed that Mr. Davis was driving and was stopped in the road at night behind a car making a left turn when he noticed in his rearview mirror two cars approaching from the rear, one closely following the other at high speed in what appeared to be a chase. Before Mr. Davis could take evasive action, a red car went by in a blur sideswiping him, closely followed by a cream-colored car which rear-ended him. The red car continued on leaving the scene of the accident, and the driver of the cream-colored car backed up and drove away from the scene. Neither Mr. nor Ms. Davis was able to identify

the drivers or the cars. The only description the Davises could give besides car color was that the red car looked like a sports car. Although the Davises claim on appeal that they later discovered the red car was a Camaro driven by defendant Rodriguez, they cite only to nonprobative hearsay in support of this claim.[1] The record shows that the cream-colored car was later found damaged and abandoned, and was identified as a Monte Carlo owned by Mr. Rosales.

Mr. Rosales admitted he owned the Monte Carlo but denied that he was driving it at the time of the accident. Both Mr. and Ms. Rosales testified that the Monte Carlo was stolen from their residence on the night of the accident and gave the following account of events. Mr. Rosales, who was the primary driver of the car, commonly left the keys in the car when it was parked at their residence. On the night of the accident, they were having an outdoor party at their residence with about a dozen guests, and the Monte Carlo was parked in the driveway with the keys in the ignition. At some point during the party, Rodriguez, who was driving a red Camaro, drove up in front of the residence with some of his friends. There were bad feelings between Rodriguez and Mr. Rosales over allegations that Rodriguez had stolen Mr. Rosales's dog. A dispute erupted between Rodriguez and his friends and Mr. Rosales and his friends. After threats were made and beer bottles were thrown, someone in Rodriguez's group was heard to say, "Get the gun." Hearing this, the Rosales partygoers ran for cover inside the residence, as Rodriguez proceeded to cut "donuts" in the Rosaleses' yard with his Camaro. Immediately after Rodriguez and his group left, Mr. and Ms. Rosales noticed that the Monte Carlo was missing from the driveway. At that point, Mr. Rosales left the residence with a friend in the friend's truck to look for the missing car. About an hour after noticing the Monte Carlo was missing, Ms. Rosales called police and reported the car had been stolen, and police informed her that the car had been located and had been in an accident.

The Davises argue that, despite testimony from Mr. and Ms. Rosales that the Monte Carlo was stolen and that Mr. Rosales was not the driver in the accident, the evidence shows that Mr. Rosales had access to the car and had a motive to chase Rodriguez in the car after the dispute at the party. They argue that it is reasonable to infer from the circumstances that the red car which sideswiped them just prior to the rear-end impact by the Monte Carlo was the red

---

[1] The Davises also claim that Rodriguez's involvement in the accident was established by his default by failure to answer, although there is nothing in the record showing a default judgment. But even if Rodriguez admitted involvement by default, his admission would not be operative against the Rosaleses. *Kubler v. Goerg*, 197 Ga. App. 667, 671 (399 SE2d 229) (1990).

Camaro driven by Rodriguez, and that Mr. Rosales was driving his Monte Carlo in pursuit of Rodriguez at the time of the accident. They also contend other circumstances tended to show Mr. Rosales was the driver — that the key was missing from the abandoned car and a thief would have had no reason to take it, and that Mr. Rosales made no insurance claim after the accident. However, other than non-probative hearsay, there is nothing in the record showing whether or not there was a key in the abandoned car, and Mr. Rosales gave uncontradicted testimony that he had no coverage for the damages to his car.

There being no direct evidence in the record that Mr. Rosales was driving the Monte Carlo when it struck the Davises' car, or that the red car which sideswiped the Davises' car was Rodriguez's Camaro, the Davises necessarily depend on circumstantial evidence to support their claims. Although it may be possible to infer from the circumstantial evidence that Mr. Rosales was the driver of the Monte Carlo, the evidence does not demand such a finding, and there was positive testimony from unimpeached witnesses, consistent with the circumstances, that Mr. Rosales was not the driver of the Monte Carlo. Circumstantial evidence has no probative value to establish a fact where it is consistent with direct, unimpeached evidence showing the nonexistence of such fact. *Winder v. Paul Light's Buckhead Jeep Eagle*, 249 Ga. App. 707, 711-712 (549 SE2d 515) (2001).

> Before circumstantial evidence can have any probative value to rebut or contradict direct and positive testimony of an unimpeached witness of the alleged facts in question, such evidence must point at least more strongly to a conclusion opposite to the direct testimony. It is not sufficient that such circumstantial evidence points equally one way or the other.

*Griffin v. Blackshear Bank*, 66 Ga. App. 821, 825 (19 SE2d 325) (1942).

On the present facts, we find the circumstantial evidence supporting the inference that Mr. Rosales was the driver is at best consistent with the positive, unimpeached testimony that Mr. Rosales was not the driver. Because the circumstantial evidence fails to point more strongly to a conclusion opposite to the direct testimony, the inference drawn from it is not a reasonable inference which creates a genuine issue of fact. Rather, it amounts to mere speculation, conjecture, or possibility insufficient to preclude summary judgment. *Pafford v. Biomet*, 264 Ga. 540, 544 (448 SE2d 347) (1994). Accordingly, the trial court erred by denying summary judgment to Mr. and Ms. Rosales.

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 3, 2003.

*Reinhardt, Whitley, Wilmot & Summerlin, Glenn Whitley,* for appellants.
*Allen & Forehand, Jon V. Forehand,* for appellees.