**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 19, 2018**

# In the Court of Appeals of Georgia

A18A0866. CALLAWAY v. QUINN.

MCFADDEN, Presiding Judge.

This appeal concerns two rulings in a personal injury action arising from a hit-and-run accident between a vehicle driven by plaintiff Chikena L. Callaway and a vehicle owned by defendant Michael J. Quinn. The trial court granted summary judgment to Quinn on the ground that Callaway had pointed to no evidence that Quinn was driving the vehicle at the time of the accident. We find, however, that circumstantial evidence created a genuine issue of material fact as to whether Quinn was the driver, so we reverse the summary judgment. The trial court also denied Callaway's request to add an unknown driver, alleged by Quinn, as a John Doe defendant. In so ruling, the trial court does not appear to have determined whether the claim against the John Doe defendant related back to Callaway's original complaint,

which the trial court was required to determine because the statute of limitation had expired. We therefore vacate the ruling denying Callaway's request to add the John Doe defendant and remand the case for further proceedings not inconsistent with this opinion.

1. *Motion for summary judgment.*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmovant[ ] and drawing every reasonable inference in [her] favor." *Patterson v. Kevon, LLC*, __ Ga. __, __ (__ SE2d __) (Case No. S17G1957, decided Aug. 20, 2018) (citation omitted).

We note that the record contains some hearsay evidence, to which Quinn did not object. We may consider that evidence in reviewing the summary judgment because Quinn did not object to it in the summary judgment proceedings. See id. at __ n. 3 (considering hearsay deposition testimony in ruling that defendant was not entitled to summary judgment; although parties had reserved objections except as to

2

the form of the question and the responsiveness of the answer during deposition, the defendant had not objected to the use of the hearsay in the subsequent summary judgment proceedings before the trial court). See also OCGA § 24-8-802 ("if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible").

So construed, the evidence showed that on May 22, 2015, Callaway was stopped in traffic when she was rear-ended by a man driving a pickup truck owned by Quinn. She was injured in the accident. The driver of the truck fled the scene, and the truck was later found, abandoned, in the parking lot of a business. A wrecker service impounded the truck.

The law enforcement officer investigating the accident tried unsuccessfully to contact Quinn about it; he went to Quinn's house, but no one would answer the door although it appeared that someone was inside. The wrecker service informed Quinn that he had to contact law enforcement to have the truck released to him, but Quinn declined to do so, and he never retrieved the truck from the wrecker service even though it contained some of his personal belongings. Based on Quinn's behavior, the investigating officer believed that Quinn was driving the truck when it struck Callaway's car.

Quinn, however, denied driving the truck at the time of the accident. In his deposition, he testified that the truck was a "fixer-upper" that "barely ran," which he kept parked near his house on his 3/4-acre property and only drove a few times a year. Nevertheless, Quinn maintained insurance and a current tag on the truck and kept the keys to the truck lying "on a table all the time" in the house he shared with his wife. Quinn testified that he first realized the truck was missing when he got a call from the wrecker service in June, several weeks after the accident. He never reported the truck as stolen.

In his deposition, Quinn suggested that a man who stayed at his house for a few days in 2015 took the truck and crashed it into Callaway's car. He stated that this man — who was the former boyfriend of Quinn's wife's sister — "disappeared" around the time of the accident. But Quinn did not know whether or not this disappearance occurred on the actual day of the accident, and he conceded that his belief that this man took the truck was mere speculation. Quinn did not know how to contact either this man or Quinn's wife's sister (the man's former girlfriend).

Callaway argues on appeal that the evidence, viewed in her favor, supports an inference that Quinn was the man driving the truck at the time of the accident. Quinn

responds that his denial that he was driving is direct evidence rendering any conflicting circumstantial evidence nonprobative.

Our Supreme Court recently discussed the rules governing circumstantial and direct evidence on summary judgment in *Patterson v. Kevon, LLC*, supra, __ Ga. __, explaining that

> [c]ircumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed. Generally, in passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. But this rule is subject to an important qualification: In neither criminal nor civil cases is it required that the proved circumstances shall show consistency with the hypothesis claimed and inconsistency with all other reasonable theories to the point of logical demonstration. Circumstantial evidence, therefore, may be sufficient for a plaintiff's claim to survive summary judgment, if other theories are shown to be *less probable*. There is no requirement that other theories be conclusively excluded. . . . In those circumstances, the question as to the sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury. And in the context of a civil jury trial, all other reasonable theories are excluded when proved circumstances of real and actual

5

probative value cause the jury to find that the preponderance of the evidence is in favor of the hypothesis claimed, as against all other reasonable but less probable theories.

Id. at __ (citations and punctuation omitted; emphasis in original). We stated this principle another way in *Rosales v. Davis*, 260 Ga. App. 709, 712 (2) (580 SE2d 662) (2003), a hit-and-run case. Like our Supreme Court in *Patterson*, we contemplated in *Rosales* the possibility that circumstantial evidence sometimes could have probative value in the face of contrary direct evidence, stating that

[b]efore circumstantial evidence can have any probative value to rebut or contradict direct and positive testimony of an unimpeached witness of the alleged facts in question, such evidence must point at least more strongly to a conclusion opposite to the direct testimony. It is not sufficient that such circumstantial evidence points equally one way or the other.

*Rosales*, supra at 712 (2) (citation omitted).

Applying the rules set forth in *Patterson* and *Rosales* to the evidence in this case, we find that the circumstantial evidence points more strongly to — or makes more probable — the conclusion that Quinn, rather than someone else, was driving Quinn's truck when it struck Callaway's car. That evidence, viewed most favorably to Callaway, showed that Quinn owned the truck; Quinn was the same gender as the

6

person seen driving the truck; Quinn never reported the truck missing; Quinn did not know when or how the truck allegedly disappeared from his house; Quinn declined to retrieve the truck from the wrecking company after learning that he needed to contact law enforcement to do so; and the investigating officer believed that Quinn was the driver. Moreover, Quinn conceded that his alternative hypothesis — that a man who briefly stayed in his house took the truck — was mere speculation.

Consequently, the circumstantial evidence that Quinn was the hit-and-run driver had "probative value to rebut or contradict" Quinn's denial. *Rosales*, supra at 712 (2). The "sufficiency of the circumstantial evidence, and its consistency or inconsistency with [Quinn's] alternative hypothesis [that someone else drove the truck], is a question for the jury." *Patterson*, __ Ga. at __ (citation and punctuation omitted). The trial court erred in granting summary judgment to Quinn.

2. *Motion to add John Doe defendant.*

On August 9, 2017, Callaway moved under OCGA § 9-11-20 (concerning permissive joinder of parties) and OCGA § 9-11-21 (concerning misjoinder and nonjoinder of parties) to add the alleged unknown driver as a John Doe defendant to her lawsuit. Under OCGA § 33-7-11 (d), a plaintiff may bring an action against an unknown vehicle operator as John Doe and serve the issuer of an

uninsured/underinsured motorist (UM) insurance policy with that action, and the UM carrier may take action in that proceeding in the name of John Doe. The UM carrier in this case, USAA Casualty Insurance Company, objected to Callaway's request to add the John Doe defendant, arguing that the applicable two-year statute of limitation had expired. See OCGA § 9-3-33 (establishing two-year statute of limitation for personal injury actions). The trial court denied Callaway's request to add the John Doe defendant, stating:

> There is no reason presented by [Callaway] — none — providing any explication for the delay in adding an additional John Doe defendant. [Callaway] presented no support as to why the statute of limitations should have been tolled for a John Doe defendant when she was aware of the existence of an additional party [the alleged unknown driver of Quinn's truck] at least six months prior to the expiration of the statute of limitations especially considering the filing by [the] UM carrier challenging her [m]otion to add the John Doe defendant. Permitting such a joinder would prejudice a defendant.

A trial court may add parties to an action under OCGA § 9-11-21. Whether to do so is a matter for the trial court's discretion. *Rogers v. Deutsche Bank Nat. Trust Co.*, 343 Ga. App. 655, 658-659 (2) (b) (808 SE2d 233) (2017). Where, as here, the party would be "added after the running of the statute of limitation, it must be

8

determined whether under OCGA § 9-11-15 (c) the claim against the new party relates back to the date of the original pleading." *Dean v. Hunt*, 273 Ga. App. 552 (615 SE2d 620) (2005). See *Utica Mut. Ins. Co. v. Chasen*, 195 Ga. App. 875, 876-878 (395 SE2d 40) (1990) (applying OCGA § 9-11-15 (c) relation-back analysis where plaintiff sought to add John Doe defendant after running of statute of limitation). Delay cannot be the sole reason for a trial court to deny joinder, *Western Sky Financial v. State of Ga.*, 300 Ga. 340, 358 (3) (a) (793 SE2d 357) (2016), and "when a plaintiff can satisfy the statutory requirements for relation back of an amendment, set out in OCGA § 9-11-15 (c), denying a motion for leave to amend the complaint to add a defendant is an abuse of the trial court's discretion." *Rasheed v. Klopp Enterprises*, 276 Ga. App. 91, 92 (1) (622 SE2d 442) (2005) (citation omitted).

It appears that the trial court did not make a relation-back determination under OCGA § 9-11-15 (c) in ruling on Callaway's request to add the John Doe defendant. To relate back, OCGA § 9-11-15 (c) requires both that the claim against a new party "arise out of the conduct, transaction, or occurrence set forth . . . in the original pleading" and that the new party, within the relevant limitation period, "(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but

9

for a mistake concerning the identity of the proper party, the action would have been brought against him." See *Robinson v. Estate of Jester*, 333 Ga. App. 41, 43 (775 SE2d 569) (2015). The plaintiff has the burden of persuasion on these issues, but the "proposed new defendant has the initial burden [of production] to show that OCGA § 9-11-15 (c) is inapplicable, following which the burden [of production] shifts back to the plaintiff to show that OCGA § 9-11-15 (c) applicable." *Dean*, 273 Ga. App. at 553 & n. 1 (citations omitted). The rationale given by the trial court in her order, however, addressed neither the statutory criteria for relating back nor the burdens of production and persuasion at play in determining if those criteria have been met.

Consequently, we must vacate the trial court's denial of Callaway's request to add the John Doe defendant and remand this case for the trial court to consider the application of OCGA § 9-11-15 (c) to Callaway's request. See *Benedek v. Bd. of Regents of the Univ. System of Ga.*, 332 Ga. App. 573, 575 (1) (b) (774 SE2d 150) (2015).

*Judgment reversed in part and vacated in part, and case remanded. Ray and Rickman, JJ., concur.*