**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 5, 2023**

# In the Court of Appeals of Georgia

A23A0689. GONZALEZ et al. v. JONES.

DOYLE, Presiding Judge.

In this case arising from a motor vehicle collision, plaintiffs Vasthy and Yenesy Gonzalez appeal from the dismissal of their action against Lynne Jones. The Gonzalezes contend that the trial court erred by failing to allow them to amend their complaint to add Jones's daughter, Caslynn Durham, as a defendant. Because the trial court incorrectly believed it had no discretion to allow the addition of Durham after the expiration of the statute of limitation, we vacate the dismissal and remand the case with direction.

The record shows that the Gonzalezes filed their complaint on August 31, 2021, naming Jones as the sole defendant and alleging that on or about September 8, 2019, Jones was negligent when she rear-ended their vehicle and fled the scene. On

October 4, 2021, Jones filed an answer, denying the allegation that she rear-ended the Gonzalezes and fled the scene.

In October 2021, the Gonzalezes served Jones with interrogatories requesting that she identify nonparties to whom fault should be apportioned. In January 2022,[1] Jones responded to the interrogatories, stating that she was not the driver and lacked first-hand knowledge, but she also blamed an unidentified driver who pulled out in front of the Gonzalezes and caused them to stop suddenly before they were rear-ended.

In February 2022, Jones moved for summary judgment on the ground that she was not the driver of the vehicle that hit the Gonzalezes, nor was she involved in the collision in any way, and the Gonzalezes had not amended their complaint to add another correct defendant. Jones supported her motion with an affidavit from her daughter, Durham, who averred that she was the driver of the vehicle that hit the Gonzalezes. On March 28, 2022, the Gonzalezes filed an amended complaint naming

---

[1] The response was filed in February 2022, but the Gonzalezes maintain that they received the response in January 2022.

Durham as the defendant for negligent driving and fleeing the scene and stating a new claim against Jones for negligent entrustment.[2]

In May 2022, Durham moved for summary judgment on the ground that the statute of limitation had expired before she was named in the amended complaint. Durham also argued that the Gonzalezes were barred by laches from adding her as a defendant because they had waited too long, and she asserted that she had not yet been served.[3]

In June 2022, the Gonzalezes moved for leave of court to add Durham as a party defendant under OCGA § 9-11-21. The same month, Jones amended her motion for summary judgment, arguing that there was no evidence creating a genuine issue of fact as to her negligent entrustment of the vehicle involved in the collision.

The following month, the trial court held a hearing on the pending motions. At the end of the hearing, the trial court concluded that it lacked discretion to allow the addition of Durham as a party because the Gonzalezes sought to add her after the

[2] The same month, Jones moved to dismiss the Gonzalezes' complaint based on a discovery dispute under OCGA § 9-11-37 (d). That motion is not material to this appeal.

[3] An affidavit of service in the record states that Durham was served on April 9, 2022. Nevertheless, this motion was deemed moot by the trial court after it ruled in the case.

statute of limitation had expired.[4] Therefore, the trial court denied the Gonzalezes'

motion to add Durham as a party. With respect to Jones, the trial court also ruled that

the record lacked evidence sufficient to create a genuine issue of fact as to Jones's

negligent entrustment of the vehicle to Durham. Based on those rulings, the trial court

dismissed the case. The Gonzalezes now appeal the denial of their motion to add

Durham as a party and dismissal of their amended complaint.[5]

The Gonzalezes contend that the trial court erred by holding that it had no

discretion to allow them to add Durham as a party defendant because the statute of

limitation had expired before they attempted to add her. They point to OCGA § 9-11-

---

[4] The amended complaint contains conflicting dates as to the date of the collision, but it alleges that Durham was the driver when a collision occurred on September 8, 2019, which is the date alleged in the original complaint. The parties do not dispute, and we assume for purposes of this appeal, that the two-year statute of limitation contained in OCGA § 9-3-33 had expired before March 28, 2022, even after accounting for the tolling period afforded by the Supreme Court of Georgia during the COVID pandemic.

[5] The Gonzalezes do not challenge the grant of summary judgment in favor of Jones as to their negligent entrustment claim. Because of this, Jones contends that this appeal is moot because she is no longer a defendant. But this ignores the fact that Durham remains a potential defendant. Further, the appeal is not, as Jones argues, interlocutory because the order being appealed was the final disposition of the case, and nothing remains pending below. See generally OCGA § 5-6-34 (a) (1) (authorizing a direct appeal of "[a]ll final judgments, that is to say, where the case is no longer pending in the court below").

15 (c), which provides, in part, that "[a]n amendment changing the party against whom a claim is asserted *relates back to the date of the original pleadings* if"[6] certain conditions are met. As explained below, we agree that the trial court failed to engage in the applicable analysis, so we vacate the trial court's order and remand the case so the court can determine whether the Gonzalezes met the relation-back conditions in OCGA § 9-11-15 (c).

As a general matter, under OCGA § 9-11-15 (a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." But when it comes to adding a new party, more is required.[7]

> [W]hen a party wishes to add or drop a party by amendment, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which allows the dropping and adding of parties *only by order of the court* on motion of any party. In determining whether to allow an amendment to add a party, the trial court may consider whether the new parties will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new parties previously. A trial court's decision as to whether a party should be

---

[6] (Emphasis supplied.)

[7] See *Valdosta Hotel Props., LLC v. White*, 278 Ga. App. 206, 209 (1) (628 SE2d 642 (2006).

5

added to a lawsuit lies in the court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion.[8]

A trial court abuses its discretion when it fails to apply the correct legal standard.[9]

Here, the trial court believed that the Gonzalezes' motion to add Durham was untimely because the statute of limitation had run. But this ignores the relation-back provision in OCGA § 9-11-15 (c), which provides in part:

---

[8] (Citations and punctuation omitted; emphasis supplied.) *Benedek v. Bd. of Regents of the Univ. Sys. of Ga.*, 332 Ga. App. 573, 575 (1) (b) (774 SE2d 150) (2015). See also *Western Sky Financial, LLC v. State of Ga.*, 300 Ga. 340, 357 (3) (a) (793 SE2d 357) (2016) (OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21).

[9] See *Ford Motor Co. v. Conley*, 294 Ga. 530, 538 (2) (757 SE2d 20) (2014) ("[A] trial court's discretion must be exercised in conformity with the governing legal principles."); *Benedek*, 332 Ga. App. at 575 (1) (b) (same).

An amendment changing the party against whom a claim is asserted[10] *relates back to the date of the original pleadings* if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning

---

[10] Jones argues that the amended complaint "added" a party rather than "substituted" a party, and therefore OCGA § 9-11-15 (c) does not apply. But the relation-back provision in OCGA § 9-11-15 (c) expressly contemplates amendments "changing the party against whom a claim is asserted," which is what happened here. The Gonzalezes' amended complaint and motion to add a party sought to name Durham instead of Jones as the defendant for the negligent driving claims already asserted against Jones. Thus, the new pleading is "[a]n amendment changing the party against whom a claim is asserted" under OCGA § 9-11-15 (c). Consistent with this, our case law does not make a distinction between whether Durham is a substituted party or an added party. See *HD Supply, Inc. v. Garger*, 299 Ga. App. 751, 754 (1) (683 SE2d 671) (2009) ("Although OCGA § 9-11-15 (c) refers to 'an amendment changing the party,' the ambit of the relation back provision has been construed to include cases where, as here, the plaintiff adds rather than substitutes a new party defendant."), citing *Fontaine v. Home Depot*, 250 Ga. App. 123, 124 (1) (550 SE2d 691) (2001) ("OCGA § 9-11-15 (c) applies to motions to add a party as well as to substitute a party.") See also *Cobb v. Stephens*, 186 Ga. App. 648, 651 (368 SE2d 341) (1988) ("To read [OCGA § 9-11-15 (c)] as qualifiedly permitting the relation back of an amendment seeking to substitute an entirely new defendant for an existing one but as categorically prohibiting the relation back of an amendment seeking to add the same new defendant alongside an existing one would be to construe it so narrowly as to create an irrational distinction."), Banke, J., concurring fully and specially. In light of this, the fact that the Gonzalazes also asserted a new claim against Jones for negligent entrustment does not change the nature of the amendment naming Durham as the defendant of the original negligent driving claims.

7

the identity of the proper party, the action would have been brought against him.[11]

Thus, when, as here, a plaintiff seeks to bring an existing claim against a new defendant, subsection (c) is implicated, even though the statute of limitation has expired:[12]

> *When a party attempts to add a new party defendant after the statute of limitation expires*, the provisions of OCGA § 9-11-15 (c) apply to determine whether or not the addition of the party relates back to the commencement of the action and can be considered timely. In order to invoke the relation-back provisions of this Code section, the moving party must show that each of the following three conditions is met: (1)

---

[11] (Emphasis supplied.) See generally *Oconee County v. Cannon*, 310 Ga. 728, 733 (2) (854 SE2d 531 (2021) ("[OCGA § 9-22-15 (c)] allows a plaintiff to substitute one defendant for another after the claim would otherwise be barred by the statute of limitations, provided that [the conditions in OCGA § 9-11-15 (c)] are met. . . ."); *Langley v. Travelers Insurance Thru GEICO*, 364 Ga. App. 294, 296 (874 SE2d 487) (2022) ("Under OCGA § 9-11-21, parties may be dropped or added by the court at any stage of the action. Once the limitation period has expired, OCGA § 9-11-15 (c) governs whether the claim will relate back to the date of the original pleadings.").

[12] See *Cannon*, 310 Ga. at 732 (2) ("[W]hen a plaintiff can satisfy the statutory requirements for relation back of an amendment, set out in OCGA § 9-11-15 (c), denying a motion for leave to amend the complaint to add a defendant is an abuse of the trial court's discretion.").

the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action [that [s]he will not be prejudiced in maintaining h[er] defense on the merits]; and (3) the new defendant knew or should have known that but for a mistake concerning his identity as a proper party, the action would have been brought against him.[13]

Therefore, the timeliness of the Gonzalezes' motion to add Durham as the defendant for the negligent driving claim depended on an application of the factors in OCGA § 9-11-15 (c), and it was not *automatically* barred by expiration of the statute of limitation.[14]

But instead of applying the factors in OCGA § 9-11-15 (c), the trial court's written order expressly incorporated the reasoning it articulated at the hearing, which stated in relevant part:

---

[13] (Citations and punctuation omitted; emphasis supplied.) *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 881 (575 SE2d 673) (2002). See also *Connie v. Garnett*, 360 Ga. App. 24, 25-26 (1) (860 SE2d 592) (2021) ("Where, as here, the party would be added after the running of the statute of limitation, it must be determined whether under OCGA § 9-11-15 (c) the claim against the new party relates back to the date of the original pleading."); *Callaway v. Quinn*, 347 Ga. App. 325, 329 (2) (819 SE2d 493) (2018); *Cartwright v. Fuji Photo Film U.S.A., Inc.*, 312 Ga. App. 890, 894 (2) (720 SE2d 200) (2011) ("'The provisions of [OCGA § 9-11-15 (c)] should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation.'").

[14] See *Callaway*, 347 Ga. App. at 329 (2).

9

[U]nder [OCGA §] 9-11-21[,][15] I have discretion to add a party, but not when the statute of limitation has expired. . . . I still can't get you around the statute of limitation . . . that's the point. . . . So the bottom line is that, yes, generally, you can use, as a trial court [OCGA § 9-11-21] . . . had it come to my attention, within the statute of limitation. . . . But it can't get you around the statute of limitation. . . . I'm not saying that I'm not open to it. I'm saying that I can't do it. . . . It is being brought outside the statute of limitation, and it is [to add a party,] not to substitute a party. So it doesn't invoke [OCGA §] 9-11-15 (c).

Based on this, it is clear that the trial court believed it lacked authority to weigh the factors identified in OCGA § 9-11-15 (c). This was error because "[i]f a litigant meets the relation-back requirements in OCGA § 9-11-15 (c), a trial court abuses its discretion by refusing to add a party on statute of limitation grounds."[16] Accordingly, we vacate the order dismissing the Gonzalezes' complaint and remand for the trial

---

[15] OCGA § 9-11-21 provides, in relevant part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

[16] *Seay v. Valdosta Kidney Clinic, LLC*, 353 Ga. App. 378, 380 (1) (837 SE2d 529) (2020). See also *Callaway*, 347 Ga. App. at 329 (2); *Hennessy Cadillac v. Pippin*, 197 Ga. App. 448, 449 (398 SE2d 725) (1990) ("When the requirements of OCGA § 9-11-15 (c) are met, even the running of the statute of limitation does not control.").

10

court to address the Gonzalezes' motion to add Durham as a defendant under the standard in OCGA § 9-11-15 (c) and applicable case law.[17]

If the trial court determines that the amended complaint relates back under OCGA § 9-11-15 (c), it should then exercise its discretion as to whether to add Durham pursuant to OCGA § 9-11-21: "Parties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." "Among the factors to be considered by the trial court in determining whether to allow the amendment are whether [Durham] will be [unfairly] prejudiced thereby and whether [the Gonzalezes have] some excuse or justification for having failed to name and serve [Durham] previously."[18]

*Judgment vacated and case remanded with direction. Gobeil, J., and Senior Judge C. Andrew Fuller concur.*

---

[17] See *Callaway*, 347 Ga. App. at 330 (2).

[18] (Punctuation omitted.) *Ellison v. Hill*, 288 Ga. App. 415, 418 (2) (654 SE2d 158) (2007).

11