GOSS *vs.* GREENAWAY *et al.*

1. While lapse of time between the death of a husband and the application by his widow for a year's support, during which time she lived upon the land and made use of the personalty of her deceased husband, may furnish a good ground to defeat the application before the ordinary, yet when the final judgment of that court has been rendered in the case, it is too late to attack it, especially before another court, except for causes apparent upon the face of the record, showing a want of jurisdiction either of the person or subject-matter.

2. Where a widow applies for a year's support out of the estate of her deceased husband, notice should be given to the representative of the estate, if there be one; if there be none, no notice is necessary. Creditors may protect themselves by having an administration, or by objecting to the allowance within six months after the return of the appraisers. If they fail to do so, the return will be recorded, and title will vest in the beneficiaries.

March 13, 1883.

Year's Support. Judgments. Notice. Before Judge BROWN. Fannin Superior Court. October Term, 1882.

Reported in the decision.

Wier Boyd; C. D. Philips; J. A. Jervis; O. R. DuPree, for plaintiff in error.

Thomas F. Greer, for defendants.

Crawford, Justice.

A *fi. fa.* in favor of the plaintiff in error *vs.* W. F. Greenaway, was levied upon certain land, which was claimed by the widow of the said Greenaway as having been set apart to her by a judgment of the court of ordinary as a part of her year's support, out of the estate of her deceased husband. On the trial, the jury found the land not subject, and the plaintiff in *fi. fa.* moved for a new trial, which was overruled by the judge, and this decision is alleged as error.

1. The grounds of the motion for a new trial were, that the verdict was contrary to law, and contrary to the charge of the court.

Whilst it is not set forth in what way the verdict is contrary to law, yet the argument discloses the ground to be that, as the husband died in 1877, and the application for a year's support was not made until 1881, the widow meanwhile living upon the land, and upon whatsoever of personalty there may have been left at the death of the husband, that she was, therefore, not entitled to any further allowance.

This question was before us in the case of *Tabb vs. Collier*, February term, 1882,* and it was then held, that whilst this might be a good ground to defeat the application before the ordinary, yet, when the final judgment of that court had been rendered in the case, it was too late to attack it, and especially before another court, except for causes apparent upon the face of the record, which showed a want of jurisdiction, either of person or subject-matter. In that case, ten years had elapsed before the year's sup-

* 68 *Ga*, 641.

port was set apart. It will also be seen, by an examination of the record in the case of *Miller vs. Defoor, 50 Ga., 566,* that the year's support was allowed, after the family had lived nearly twelve years on the land set apart to them, after the death of the husband and father.

The cases cited in *34 Ga., 418,* and *36 Ib., 194,* were cases where objections were filed to the allowance, before the ordinary, and then carried by appeal to the superior court. That was the proper place and the right time to file objections and have the rights of the parties settled. But in the case at bar, there was a judgment of the court of ordinary at a regular term thereof, setting apart this property, and it is sought now to attack it, and have it set aside in the trial of this claim case, upon grounds which should have been made by filing objections thereto, as provided by law.

2. It is further said that the verdict is contrary to the charge of the court. In what respect it is so, is not specifically stated, though taking the portion of the charge set out, it seems to be claimed that there was a want of proper notice, or a failure in the recital thereof in the judgment rendered, and that this defect is shown by the exemplification of the record offered in evidence.

But we see no legal ground for complaint of the jury on this account. By section 2571 of the Code, it is provided that, among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family for the space of twelve months; and this is to be set apart upon the application of the widow, or that of the guardian of the children, or any other person in their behalf, on notice to the representative of the estate, if there be one; and if none, then without notice. That this is anomalous, in that it affects the rights of parties interested in the estate without giving them direct notice, must be admitted, but being statutory, it is controlling. It is, however, to be remembered that to require the wife to know, and serve notice on the creditors of the

Goss *vs.* Greenaway *et al.*

husband, would be not only a burden, but oftentimes an impossibility. Moreover, it is provided that creditors may always move in the matter of administration upon the estates of their debtors, and either secure it to one of their number, or force some one of the heirs to accept it, and thereby protect their interest so far as it may be affected by the year's allowance. Not only so, but in all cases, the law allows six months after the appraisement and schedule have been returned to the office of the ordinary, for any person interested to file objections; and if none be filed, then the title to the property vests in the beneficiaries. If creditors fail to look after their interests until such title, by the judgment of the court of ordinary, is vested in the family of the deceased, and they thereby lose their rights therein, it is owing to their own want of diligence, and not to any defect in the law.

In so far as the recitals of notice in the judgment of the court are concerned, it is only necessary to say that, under the facts set out in the application by the widow for the year's support, as shown by the exemplification, there was no necessity for such in this case, there being no representative of the estate. Where there is none, the appraisers are appointed without notice to any one; they act under their oaths, make their return, and to which return creditors and others interested may file objections, either then, or at any time within six months therefrom. If none are filed, and the judgment of approval by the ordinary is rendered, it is final.

Judgment affirmed.