BROWNLEE *et al. v.* BROWNLEE *et al.*
FORD *et al. v.* BROWNLEE *et al.*

Nos. 16108, 16109. MARCH 18, 1948.

*Marvin A. Allison* and *Charles C..Pittard,* for plaintiffs in error.
*W. L. Nix,* contra.

HEAD, Justice. ■ Identical motions were made to dismiss the bills of exceptions, it being the contention of the movants that "there is no authority of law authorizing plaintiffs in error to sue out two separate bills of exceptions to the overruling of one motion for new trial in one case." The motions involve the jurisdiction of this court to pass upon the assignments of error, and it is the duty of this court, either with or without motion, to determine its jurisdiction in each case.

The motions quote extensively from the record for the purpose of showing that the two bills of exceptions result from the overruling of one motion for new trial. The two actions filed by the defendants in error in the court below are identical in allegations· relied upon for recovery. In one instance, the mother and the husband of a sister of the plaintiffs are made parties defendant, and in the other case the mother and a brother of the plaintiffs are named as defendants. It is contended that prior to the trial the presiding judge passed an order reciting that by agreement of counsel the two cases were consolidated and that they became one case, and that only one bill of exceptions could be certified by the trial court.

After stating the style and number· of each case, the trial judge passed the following order: "By consent of all parties to · the two above-stated cases, expressed orally in open court by their respective counsel, the said two cases are consolidated and shall henceforth proceed as one case and it is so ordered and adjudged." The issues made by the pleadings and evidence

were submitted to the jury in the form of questions in writing, in which each original case was properly styled and numbered, followed by the questions submitted. The judgment referred to the two original cases by name and number. The motion for new trial and the amended motion for new trial set out the name and style of each of the original cases, together with its docket number.

The order of the trial court, that "said two cases are consolidated" and they "shall henceforth proceed as one case," construed with the preservation of the identity of the two causes of action by names of parties and numbers of the cases in the court below, clearly shows that the consolidation was for the purpose of further proceedings in the trial court and expediting the business of the trial court.

In *Futch* v. *Mathis*, 148 *Ga.* 558 (97 S. E. 516), it was held: "Two separate actions of ejectment were brought against two defendants. By agreement of counsel they were consolidated as one case, and were thus tried, and separate verdicts and judgments were rendered in each case in favor of the plaintiffs. By agreement of counsel representing both suits, motions for new trial were consolidated and heard as one motion upon one record, and there is but one judgment overruling the two motions, and but one bill of exceptions is in this court. *Held*, that each of the defendants had the right to except to the overruling of the motion for new trial in his own case. But the consolidation of the two motions for new trial, and the overruling of the motions in one judgment did not authorize the two defendants to unite in one bill of exceptions to review judgments in two distinct cases by one writ of error."

Under the rule laid down in *Futch* v. *Mathis*, supra, the motions to dismiss are without merit. The decisions of this court in *O'Malley* v. *Wilson*, 182 *Ga.* 103 (185 S. E. 109), and *McCrary* v. *Salmon*, 192 *Ga.* 315 (15 S. E. 2d, 442), are not in conflict with any ruling here made.

■ The plaintiffs in the trial court (defendants in error here) were evidently relying upon the provisions of the Code, § 37-219, as follows: "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or

fault of the petitioner." The plaintiffs did not contend by any allegation in their complaint that the Court of Ordinary of Gwinnett County was not a court of competent jurisdiction to pass upon the application for year's support for the widow, Mrs. Mary Susan Brownlee. Such contention would have been without merit, if made, since the petition clearly showed that the deceased was a resident of Gwinnett County at the time of his death, his estate was located in that county, and the widow resided therein. The petition did allege, however, that there was no order for citation and no citation published. This allegation was undeniably disproved. A certified copy of the year's support proceedings, together with the published notice, was introduced in evidence, and counsel for the plaintiffs admitted in open court in the progress of the trial that citation had been duly published for four weeks preceding the judgment of the ordinary setting aside the year's support. The oral testimony of the plaintiffs clearly showed that a part of them, at least, had actual notice of the application. But whether the plaintiffs had actual notice or not, the law was complied with as to notice by publication of the citation. No personal service or notice is required where there is no administration on the estate of the deceased, as was true in this case. Code, § 113-1002; *Goss* v. *Greenaway*, 70 *Ga.* 130.

The plaintiffs alleged that the application for year's support and the deeds thereafter made by the widow were "tainted" with fraud, and that the plaintiffs have been thereby defrauded. This contention must rest upon the alleged contract claimed to have been made by the plaintiffs with the widow, and denied by her. If such a contract or agreement was made as claimed by the plaintiffs, they should have urged such contract in support of timely and proper objections to the application for year's support.

In *Fitzgerald* v. *Bowen*, 114 *Ga.* 691 (40 S. E. 735), it was held: "One who had full knowledge of the pendency of a case in which he had a direct pecuniary interest, and neither sought to become a party thereto nor made any effort to intervene therein, so as to protect his rights, can not, after the rendition of a judgment in favor of the plaintiff in such suit, maintain an equitable petition to set such judgment aside or restrain its enforcement."

In *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299), this court held: "A judgment approving the return of commissioners setting aside a year's support, where all the proceedings are regular, can not be attacked as fraudulent because interested parties could have successfully resisted the judgment had they interposed timely objection."

In *Beavers* v. *Cassells,* 186 *Ga.* 98 (196 S. E. 716), it was held: "Equity will not intervene to set aside a judgment of a court of competent jurisdiction, which might have been prevented except for the negligence of the complaining party." See also: *Groover, Stubbs & Co.* v. *Brown,* 118 *Ga.* 491, 493 (45 S. E. 310); *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61); *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167); *Hurt Building* v. *Atlanta Trust Co.,* 181 *Ga.* 274, 287 (182 S. E. 187).

The evidence in this case clearly established that the proceedings setting aside the year's support were regular, and that notice was given in the manner required by law. The contract alleged would not entitle the plaintiffs to any relief in a court of equity, since the alleged contract could have been urged in timely and proper proceedings to contest the widow's right to a year's support. See *McLean* v. *McLean,* 51 *Ga. App.* 751 (181 S. E. 707); *Mathews* v. *Mathews,* 64 *Ga. App.* 580 (13 S. E. 2d, 843).

■ There is another rule of law that precludes any recovery by the plaintiffs in this case. The Code, § 110-708, provides: "The judgment of a court of competent jurisdiction may not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." This court construed the provisions of this section as applied to judgments of the court of ordinary in setting apart a year's support in *Tabb* v. *Collier,* 68 *Ga.* 641, 643, where it was held: "Every presumption is in favor of their [ordinarys'] judgments, nor are they to be collaterally attacked except where the record shows a want of jurisdictional facts." And in *Goss* v. *Greenaway,* supra, with reference to proceedings to set apart a year's support, it was held in part: "when the final judgment of that court [ordinary's] has been rendered in the case, it is too late to attack it, especially before another court, except for

causes apparent on the face of the record, showing a want of jurisdiction either of the person or subject-matter."

*Tabb* v. *Collier*, supra, and *Goss* v. *Greenaway*, supra, were cited in *Riddle* v. *Shoupe*, 147 *Ga.* 387 (94 S. E. 236), where the rule was again stated that the judgment of the ordinary setting apart a year's support is not subject to collateral attack except where the record discloses a want of jurisdictional facts. See also *Smith* v. *Smith*, 187 *Ga.* 743, 745 (2 S. E. 2d, 417), and authorities cited.

Since the record before this court clearly shows that the Ordinary of Gwinnett County, where the year's support was set apart, had jurisdiction, and further shows that the proceedings were regular in every respect, there were no material controversial facts for the jury to pass upon, and the verdict for the plaintiffs is without evidence to support it.

*Judgments reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*