*Judgment affirmed. All the Justices concur.*

Argued September 14, 1959—Decided October 9, 1959.

20575. STEPHENS *et al.* v. CARTER.

356

*Robt. D. Tisinger,* for plaintiff in error.

*Boykin & Boykin, Shirley C. Boykin, Wm. P. Johnson,* contra.

ALMAND, Justice. The bill of exceptions assigns error on: (a) the overruling of the defendants' demurrers to the petition; (b) the sustaining of the plaintiff's demurrers to the answer of the defendants, and the striking of said answer; and (c) the denying of the defendants' motion for a new trial.

■ Mrs. Nancy Lee Carter by her equitable petition sought to enjoin the defendants, John and Robert Stephens, from claiming or disparaging the title of the plaintiff to a tract of land known as 97 Dixie Street in the City of Carrollton, and to have the title as against the defendants decreed in her. She alleged: She is the widow of Dr. J. R. M. Carter, who died in 1933 leaving a will, wherein he undertook to devise to the defendants a remainder interest in the Dixie Street property, the plaintiff at that time having a life estate in the property. In 1933 she filed an application for a year's support; appraisers were appointed; a caveat was filed to their return, and finally, on appeal to the superior court, on a verdict of a jury a decree was entered in October, 1934, awarding the plaintiff all the household and kitchen furniture and the remainder interest in the Dixie Street property as a year's support. She set out as her muniments of title: (a) the year's support decree; (b) a warranty deed from Dr. J. R. M. Carter to J. W. Carter; (c) a quitclaim deed from J. W. Carter to the plaintiff; and (d) that she had been in exclusive and continuous possession of the land since the date of her husband's death. She alleged that it is necessary for her support and maintenance for her to sell the property, but the defendants are claiming title under the will of Dr. Carter to the remainder interest, and their claim is in disparagement of her title and is a cloud upon it.

The general demurrers to the amended petition were: (a) that the petition set forth no cause of action; (b) that it does not

show that the defendants were parties to the year's support proceedings or had notice of them; (c) that the claim of title under the year's support decree is invalid because title to the Dixie Street property was in J. W. Carter at the time the decree awarded her a year's support; (d) that her claim of title through J. W. Carter is inconsistent with her claim that title was in her husband's estate at the time of the award; and (e) that the petition asserted two causes of action and was duplicitous.

We are of the opinion that the amended petition was not subject to any of these objections. The petition alleges that the plaintiff is in possession of the property. The plaintiff and defendants claim title from a common source. She alleges her title to be by the year's support decree conveying whatever interest Dr. Carter had in the property, and a deed from Dr. Carter to J. W. Carter and a deed from J. W. Carter to her. The petition stated a cause of action to quiet her title. Code § 37-1407; *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237 (130 S. E. 527); *Hale* v. *Turner,* 185 *Ga.* 516 (195 S. E. 423).

We know of no provisions of law that require service or notice of the widow's application for a year's support to be had on the devisees in the husband's will. Code § 113-1002 provides only for service to the administrator or executor of the husband's estate if there be one.

The petition does not allege the date of the deed from Dr. Carter to J. W. Carter, but does allege that Dr. Carter purported to devise the remainder interest in the 97 Dixie Street property to the defendants. The petition is not subject to the objection that it shows Carter had no interest in the property at the time of his death or that it is duplicitous.

■ We now consider the demurrers to the defendants' plea and answer. In their answer the defendants alleged: (a) that they were not bound by the year's support judgment because they were not notified of and were not parties to the proceedings; (b) that Dr. Carter entered into a marital settlement with the plaintiff in 1925 wherein the property rights between the parties were settled, and the plaintiff was bound by the terms of the settlement.

The plaintiff's demurrers to these defenses were sustained. As we have held above, the defendants were not entitled to notice

of the application for a year's support. The right of the plaintiff to a year's support in the remainder interest of the property was adjudicated in the judgment of October, 1934, and the contention that the plaintiff was barred from claiming a year's support by virtue of the marriage contract of 1925 was not a good defense to the year's support award. When property is set apart to a widow as a year's support, she receives just such title as her deceased husband had, and acquires no greater title by reason of the setting apart to her. *Lowe* v. *Webb*, 85 *Ga.* 731 (11 S. E. 845). The judgment awarding the property to the plaintiff bears the presumption that everything necessary to authorize the judgment was properly done. *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494 (37 S. E. 767). Such judgment is not subject to a collateral attack except for causes apparent on the face of the record. *Tabb* v. *Collier*, 68 *Ga.* 641 (2); *Groover, Stubbs & Co.* v. *Brown*, 118 *Ga.* 491 (2) (45 S. E. 310); *Reese* v. *Reese*, 146 *Ga.* 684 (92 S. E. 218); *Brownlee* v. *Brownlee*, 203 *Ga.* 377 (3) (46 S. E. 2d 901). The case of *Johnson* v. *City of Blackshear*, 196 *Ga.* 652 (27 S. E. 2d 316), holds that, in an action to quiet the plaintiff's title under a year's support award, a plea by the defendant that the widow had elected to accept a provision in her husband's will in lieu of a year's support was a collateral attack on the year's support decree and did not set forth a valid defense. The court did not err in sustaining the demurrers to the answer of the defendants.

Subsequently to the sustaining of the demurrers, the defendants amended their answer. To the amended answer they attached a copy of a contract between Dr. Carter and the plaintiff, entered into in 1925, in which the plaintiff acknowledged receipt of personal property and the right to occupy the home for life in lieu of a year's support, and alleged that Dr. Carter in 1932 conveyed a life interest in the Dixie Street property to the plaintiff; that, under the will of Dr. Carter, she had accepted a bequest in lieu of a year's support; and that the decree awarding a year's support was void because it attempted to deprive them of their property rights in a proceeding in which they were not parties.

The plaintiff renewed her demurrers to the answer and moved to strike the amendment and the answer on the ground that the

year's support award had adjudicated these questions, and the answer constituted no defense.

The petition, in pleading the record in the year's support proceeding, alleges that the executors in their caveat interposed as a defense the marital contract of 1925 and the bequest to her in Dr. Carter's will in lieu of year's support. It thus appears that these defenses were adjudicated adversely to the estate, and this is binding on the defendants. Furthermore, as noted above, the alleged defenses were an attempt to attack the judgment collaterally. The court did not err in sustaining the demurrers to the answer and striking it.

■ In the first ground of the amended motion for a new trial, error is assigned on the admission in evidence of the record in the year's support proceeding in the court of ordinary, in which the plaintiff was awarded the household goods and the remainder interest in the Dixie Street property—the objection being that it was not shown that, at the time of the award, title to the property was in Dr. Carter, but that it was in J. W. Carter, his brother, and therefore the proceedings were void. The record discloses that Dr. Carter in 1926 executed a deed to J. W. Carter, his brother, conveying the subject property; that Dr. Carter in his will executed in 1925 devised the remainder interest in this property to the defendants; that in 1931 he executed a codicil to his will, in which he made no change in the devise as to the Dixie Street property; that J. W. Carter was one of the executors of Dr. Carter's estate; that he and the other executor filed a caveat to the application for a year's support, in which they made no contention or claim to any interest in the Dixie Street property. The plaintiff testified that she was present at the trial of the year's support proceeding; that J. W. Carter neither at the trial nor at any other time made any claim to the property; and that on the trial he testified that he didn't claim any title or right of title in the property.

All that the year's support award did was to vest in the widow whatever interest, legal or equitable, Dr. Carter had in the property. It did not adjudicate that title to the property was in Dr. Carter. The judgment awarding the year's support and the record of that proceeding were admissible to show that whatever

interest Dr. Carter's estate had in the property vested in his widow. There was no error in admitting this evidence.

■ The second ground of the amended motion complains that the court erred in refusing to permit the defendants to cross-examine the plaintiff as to the facts and circumstances of the transfer of certain bank stocks to her by Dr. Carter in 1925; that the plaintiff knew Dr. Carter conveyed the subject property to J. W. Carter to avoid paying debts he owed the bank; and that she knew in 1933 that J. W. Carter held a deed to the property.

The court did not err in rejecting the evidence as to the bank stock transactions in 1925. Such evidence was irrelevant to any issue in the case. As to the plaintiff knowing that Dr. Carter had deeded the property to J. W. Carter, she testified that she knew it.

■ Ground 3 assigns error on the refusal to grant a motion for a nonsuit and on the direction of a verdict for the plaintiff.

The refusal to grant a nonsuit will not be considered where, as here, the motion for a new trial complains that the verdict is not supported by the evidence. *Rubin* v. *Hardin*, 173 *Ga.* 127 (1) (159 S. E. 711).

The court did not err in directing a verdict for the plaintiff. Even if it be assumed that, at the time the year's support was awarded, her husband did not own any interest in the 97 Dixie Street property, and that J. W. Carter owned the remainder interest in the property, the undisputed evidence is that the plaintiff now owns whatever interest J. W. Carter had in the property. If the defendants are correct in their contention that Dr. Carter did not have any interest in the property at his death, then their claim or right to assert title in themselves adverse to the plaintiff is without merit, for the reason that they took nothing under the devise to them of this property in Dr. Carter's will.

The defendants assert that the plaintiff should be denied any relief because she is seeking equitable relief with unclean hands. The basis of this assertion is that she knew that the reason Dr. Carter deeded the Dixie Street property to J. W. Carter was to place the property beyond the reach of his creditors; that she concealed this fact from the court in her application for a year's support; and that she should not be permitted to work a forfeiture

of the remainder interest. The answer to this contention is that, in her application for a year's support, she did not ask for any particular property as a year's support. She was awarded by the jury the remainder interest in the Dixie Street property. She was not a party to nor did she abet her husband in making a deed in the 1926 conveyance to J. W. Carter. This deed was recorded in 1929. It is not shown that she made any representation on the trial of her application for a year's support that title to the property was in Dr. Carter's estate. She had every reason to believe that, if Dr. Carter had devised the remainder interest to the defendants, he owned the property. J. W. Carter, as one of the executors, had caveated the year's support proceeding, and made no claim or assertion that he owned the remainder interest. There was evidence that, on the trial of the application for the year's support, J. W. Carter testified that he had no interest in the property. The plaintiff is not be be barred from equitable relief because of the misconduct of other persons, not connected with the matter in controversy. See *Ansley* v. *Wilson*, 50 *Ga.* 418, 421; *Employing Printers Club* v. *Doctor Blosser Co.*, 122 *Ga.* 509, 515 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. Rep. 137, 2 Ann. Cas. 694).

There is nothing in the record to show that any creditor of Dr. Carter suffered any injury by reason of the conveyance to J. W. Carter, but on the contrary the remainder interest was treated by the executors as a part of Dr. Carter's estate. Under these facts, we cannot say that the plaintiff knowingly and wilfully concealed facts from the court on the trial of her application for a year's support that would bar her from asserting her rights under the judgment awarding her a year's support out of the remainder interest in the subject property. Compare Huntzicker v. Crocker, 135 Wis. 38 (115 N. W. 340), where it was held that, though a wife joins in a deed of her husband's land with intent to defraud his creditors, she is not barred by the doctrine of clean hands from maintaining a suit to establish her dower rights in the land as against creditors, on the fraudulent deed being avoided.

There was no error in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*