**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 24, 2015**

# In the Court of Appeals of Georgia

A15A0088. BENEDEK v. THE BOARD OF REGENTS OF THE   BO-004
        UNIVERSITY SYSTEM OF GEORGIA et al.

BOGGS, Judge.

Dezso Benedek, a professor at the University of Georgia, appeals from the trial court's order dismissing his complaint against the Board of Regents of the University System of Georgia, Michael Adams, and the University of Georgia ("the original defendants") that alleged wrongdoing in connection with disciplinary actions taken against him. He contends the trial court erred by: (1) "denying amendment of [his] complaint to add Georgia RICO claims and parties and instead dismissing the action" based upon allegations in his original complaint ; (2) finding that his proposed RICO claims were barred by sovereign immunity ; (3) dismissing tort claims allowed by the Georgia Tort Claims Act; and (4) denying his motion for sanctions under OCGA §

9-15-14. For the reasons explained below, we reverse in part, vacate in part, and remand this case to the trial court for further proceedings.

A summary of the procedural history of this case from Fulton County State Court to federal court and back again would not only be lengthy, but also unnecessary to the resolution of the issues before us. The relevant facts show that Benedek initially filed a complaint against the original defendants, which he later amended on multiple occasions to add additional claims following the filing of a motion to dismiss by the original defendants. Benedek also simultaneously sought the trial court's permission to add an additional plaintiff, as well as individual defendants, through various motions and amended motions seeking leave to file his amended complaints. On March 24, 2014, Benedek filed his last amended complaint titled "Second Amended Complaint for Damages." After considering the pending motions, the trial court issued an order in which it overlooked the effectiveness of Benedek's last amended complaint against the original defendants. Instead, it concluded as follows:

> Based on Plaintiff's statements regarding the purpose of his proposed amended pleadings, the Court finds that Plaintiff has abandoned his tort claims. Out of an abundance of caution, however, and because it appears that Plaintiff's voluminous pleadings nevertheless continue to assert causes of actions sounding in tort, the Court also finds that any tort claims asserted by Plaintiff are barred by the doctrine of sovereign

2

immunity. . . . Having determined that Plaintiff's tort claims are barred by the doctrine of sovereign immunity, the question becomes whether Plaintiff can circumvent the [Georgia Tort Claims Act] and avoid dismissal by amending his pleadings to assert claims under Georgia RICO. The Court concludes that he cannot. . . . Plaintiff's tort claims are barred by the [Georgia Tort Claims Act] and the doctrine of sovereign immunity. For this reason, Defendants'[] Motion to Dismiss those claims is **GRANTED.** Because Plaintiff may not circumvent the [Georgia Tort Claims Act] by amending his pleadings to bring claims under Georgia RICO[] statute instead of tort claims, Plaintiff's Motion for Leave to Amend, Amended Motion to Amend, and Motion to Substitute Amended Complaint for Damages are **DENIED**.

1. In a compound enumeration of error, Benedek asserts that the trial court erred by denying amendment of his complaint to add RICO claims and also to add additional parties. As the law governing each of these claims is different, we analyze them separately.

(a) OCGA § 9-11-15 (a) provides: "A party may amend his pleading as a matter of course and without leave of court at any time before entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." Our Supreme Court has held: "The right to amend is very broad, and there

3

is no prohibition against pleading of a new cause of action. [Cit.]" *Hutto v. Plagens*, 254 Ga. 512, 514 (2) (330 SE2d 341) (1985). And a pending dispositive motion will not preclude a party from amending his or her pleading. See *Skylake Property Owners Assoc. v. Powell*, 281 Ga. App. 715, 720 (3) (637 SE2d 51) (2006). Finally, a motion for leave to amend a complaint to add additional claims against existing defendants is superfluous if it is made before entry of a pretrial order. Id.

While we recognize the confusion caused by Benedek's filing of a motion for leave to add additional parties at the same time he filed amended complaints to add new causes of action against the original defendants, the plain language of the trial court's order denies Benedek's request to amend his complaint to add additional claims against the original defendants. We must therefore reverse this portion of the trial court's order; Benedek was entitled to amend his complaint as a matter of right before entry of a pretrial order or a ruling on a dispositive motion. *Bandy v. Hosp Auth. of Walker County*, 174 Ga. App. 556, 557 (1) (b) (332 SE2d 46) (1985) (reversing trial court's grant of motion to dismiss and refusal to allow amendment to complaint).

(b) The record shows that the trial court denied Benedek's motion to add new parties based upon a consideration of the merits of the claim against these parties. But

4

this is not the proper analysis to be used by a trial court when considering a motion to add additional parties.

> [W]hen a party wishes to add or drop a party by amendment, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which allows the dropping and adding of parties only by order of the court on motion of any party. In determining whether to allow an amendment to add a party, the trial court may consider whether the new parties will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new parties previously.

(Citation, punctuation and footnote omitted.) *Riding v. Ellis*, 297 Ga. App. 740, 742-743 (1) (678 SE2d 178) (2009). "A trial court's decision as to whether a party should be added to a lawsuit lies in the court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion." (Citation and punctuation omitted.) *Rasheed v. Klopp Enterprises*, 276 Ga. App. 91, 92 (1) (622 SE2d 442) (2005). As the trial court failed to consider the proper standard for the addition of parties, we must vacate its order denying the motions to amend the complaint as they relate to the adding of parties and remand for the trial court to exercise the appropriate discretion in that regard. See *Richards v. Wells Fargo Bank*, 325 Ga. App. 722, 726-728 (5) (b) (754 SE2d 770) (2014).

5

2. In related enumerations of error, Benedek asserts that the trial court erred by dismissing his action. Based upon our review of the trial court's order, we are able to discern that it intended to dismiss Benedek's tort claims. We cannot ascertain, however, whether the trial court dismissed the tort claims asserted in the March 24, 2014 Second Amended Complaint for Damages, which replaced all other preceding complaints, because the trial court also denied Benedek's motion to file this amended complaint in its entirety and did not analyze his request to amend the entire complaint separately from his simultaneous request to add parties. We therefore vacate the trial court's order granting the motion to dismiss and remand this case for the trial court to consider whether the claims asserted against the original defendants in the March 24, 2014 Second Amended Complaint are subject to dismissal on the merits.

3. Benedek's remaining claim of error in connection with his motion for sanctions is rendered moot by our holding in Divisions 1 and 2.

*Judgment reversed in part, vacated in part, and case remanded with direction. Phipps, C. J. and Doyle, P. J., concur.*