**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 14, 2017**

# In the Court of Appeals of Georgia

A17A0554. DOBY et al. v. BIVINS.

BRANCH, Judge.

Sunkeeya Doby appeals the trial court's award of summary judgment in favor of the defendant in Doby's tort suit arising out of an automobile collision. For the reasons that follow, we affirm in part, reverse in part and remand with direction.

On appeal from the grant of summary judgment, we construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences. *Ansley v. Raczka–Long*, 293 Ga. 138, 140 (2) (744 SE2d 55) (2013) (citations omitted); see also *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). Our review is de novo. *Ansley*, 293 Ga. at 140 (2). We also review questions of law on appeal under

the de novo standard. *Hutcheson v. Elizabeth Brennan Antiques & Interiors*, 317 Ga. App. 123, 125 (730 SE2d 514) (2012).

Construed in favor of Doby, the record shows that on January 18, 2014, Doby and her two minor children were involved in an accident in which the other driver, a man, left the scene without providing insurance information. Doby, however, was able to obtain the licence tag number of the other vehicle, and she gave that information to the police when they arrived on the scene. The accident report, which Doby attached to her verified complaint, states that the police determined that the other vehicle was registered to "a female named Treneika Bivins." On May 5, 2015, Doby filed suit, but she named the appellee Lillian Bivins, Treneika's mother, as the defendant rather than Treneika. In the complaint, Doby alleged that the officer determined that the other vehicle belonged to Lillian. Doby did not allege that either Lillian or Treneika were in the other vehicle at the time of the collision. Instead, she alleged that Lillian must have given permission to use her car to the man who was driving the vehicle at the time of the accident.

Lillian Bivins answered and raised several defenses including that she did not have any authority or control over those responsible for the accident and that she did not cause the accident. And on July 1, 2016, she filed a motion to dismiss or for

2

summary judgment on the ground that she was not the driver of the vehicle involved in the collision; that there was no evidence to support the contention that she owned the vehicle involved in the accident; that, in fact, the officer's report showed that the vehicle belonged to Treneika, the defendant's daughter; and that Doby had not shown that the family purpose doctrine applies to the case.[1] Doby did not respond to the motion. Instead, on July 25, 2016, Doby moved to join an indispensable party, namely, Treneika Bivins, on the ground that Treneika was the alleged owner of the vehicle involved in the collision. Doby asserted in the motion that although the accident report states that the other vehicle was registered in the name of Treneika Bivins,

> correspondence received in response to Plaintiff's request for insurance information on both Lillian Bivins and Treneika Bivins, only contained the name of Lillian Bivins and not Treneika Bivins. It is unclear as to which of these two individuals was the owner and insured of the car involved in the accident.

---

[1] That doctrine provides that "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." OCGA § 51-2-2.

3

In its order on the motions, the court found that there was no allegation that either Treneika or Lillian was in the other vehicle at the time of the collision and that Doby had not established any of the four preconditions[2] to application of the family purpose doctrine against Lillian. With regard to Doby's motion to add an indispensable party, the court held that even if Treneika had been sued initially, she could only be seen as a joint tortfeasor with the unknown driver, and that therefore she was not an indispensable party to the suit. Relying on *Ekokotu v. Pizza Hut*, 205 Ga. App. 534, 537 (5) (422 SE2d 903) (1992), the court reasoned that, alternatively,

---

[2] There is a two-part test for imposing vicarious liability under the family purpose doctrine.

> First, the following four preconditions must be found present: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose. Second, and only *after* the above four 'necessary preconditions' have been satisfied, the doctrine renders the defendant vicariously liable if defendant had the right to exercise such authority and control that it may be concluded that an agency relationship existed between defendant and the family member with respect to the use of the vehicle.

*Dashtpeyma v. Wade*, 285 Ga. App. 361, 362-363 (2) (646 SE2d 335) (2007) (punctuation and footnote omitted).

4

even if Treneika was an indispensable party, because summary judgment was authorized, the motion to add a party was moot. The trial court therefore granted Lillian's motion for summary judgment and dismissed the complaint with prejudice.

On appeal, Doby asserts that she mistakenly named the wrong party in her lawsuit and that the trial court should have granted her motion to add an indispensable party instead of dismissing her suit with prejudice. She also contends it was error to dismiss the case without ruling on the motion to add Treneika. She argues that Treneika "is the correct party to the lawsuit as can [be] seen from the Police Report attached [to the complaint]." Meanwhile, Doby admits on appeal that "there is no evidence showing [Lillian] as being a co-owner of said vehicle or having any interest whatsoever in the vehicle in question" and "no evidence or allegation that [Lillian] borrowed the vehicle and then loaned it to the unidentified driver who caused the accident." Thus, Doby admits that she has no claim whatsoever against Lillian Bivins. There is no dispute, therefore, that the Court's order dismissing the claims against Lillian was correct. The only issue is whether the trial court was required to add Treneika to the suit before doing so.

We agree with Doby that her motion to add a party was not moot. The case of *Ekokotu v. Pizza Hutt* is distinguishable because in that case, the trial court

5

determined that summary judgment was appropriate against the defendant because there was insufficient evidence to support the plaintiff's allegations. *Ekokotu*, 205 Ga. App. at 536-537. Therefore the plaintiff's attempt to add other parties to face baseless claims was moot. Id. at 537 (5). Here, on the other hand, the plaintiff's allegations could have some basis as it appears that Treneika was the proper party and that if the unknown driver was a family member Doby conceivably could have a claim under the family purpose doctrine against Treneika for which Doby was not required to respond in connection with Lillian's motion for summary judgment. And the fact that Treneika may be considered a joint tortfeasor with the unknown driver does not mean that Doby is not authorized to sue the joint tortfeasor that she wishes to sue. *Sloan v. Southern Floridabanc Fed. S & L Assn.*, 197 Ga. App. 601, 602 (1) (398 SE2d 720) (1990) ("plaintiff has a right of election as to which defendants plaintiff will proceed against") (citations omitted).

Second, both the parties and the trial court applied the wrong standard to the question of whether Doby should be allowed to add a party to the suit — that of indispensable parties under OCGA § 9-11-14. The proper analysis is under OCGA § 9-11-21, which provides for misjoinder and nonjoinder of parties:

6

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

See also *Benedek v. Bd. of Regents of Univ. System of Ga.*, 332 Ga. App. 573, 575 (1) (b) (774 SE2d 150) (2015) ("When a party wishes to add or drop a party by amendment, OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21, which allows the dropping and adding of parties only by order of the court on motion of any party.") (citation and punctuation omitted); *Marwede v. EQR/Lincoln Ltd. Partnership*, 284 Ga. App. 404, 405 (1) (643 SE2d 766) (2007) ("Generally, when a plaintiff sues the wrong party, he or she must seek an order of court pursuant to OCGA § 9-11-21 to drop the incorrect party and add the proper party.") When ruling on a motion to add a party, "the trial court may consider whether the new parties will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new parties previously." *Benedek*, 332 Ga. App. at 575 (1) (b) (citation and punctuation omitted). And "[a]n amendment adding or changing a party may be allowed even though a separate action by or against that party would be barred by the statute of limitation." *Horne v. Carswell*, 167 Ga. App.

229, 230 (306 SE2d 94) (1983); see also OCGA § 9-11-15 (c) (relation back of amendments).

We therefore reverse the trial court's order to the extent that it found Doby's motion to add a party to be moot and remand to the trial court with instruction that the court reconsider the merits of the motion to add Treneika based on its discretionary determination of the relevant factors. See *Benedek*, 332 Ga. App. at 575 (1) (b). We affirm the grant of summary judgment to Lillian.

*Judgment affirmed in part, reversed in part, and case remanded with direction.*

*McFadden, P. J., and Bethel, J., concur.*