**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 8, 2018**

# In the Court of Appeals of Georgia

A18A0446. FINDLEY v. CITY OF ATLANTA et al.

DILLARD, Chief Judge.

Michael Findley, proceeding *pro se*, sued the City of Atlanta and other defendants, alleging that he suffered injuries as a result of the defendants' negligent construction of a utility pole and anchoring guy-wire, which he struck while riding his bicycle in a park maintained by the City. The City moved for summary judgment, which the trial court granted. Findley then moved for reconsideration, which the trial court denied. On appeal, Findley argues that the trial court erred in granting summary judgment without first ruling on his motion to amend the complaint to add a new party, that the Atlanta Judicial Circuit's case-reassignment procedure was unlawful, and that the court's summary-judgment order did not comport with the Uniform Superior Court Rules. For the reasons set forth *infra*, we agree that the trial court

erred in granting summary judgment before ruling on Findley's motion to amend the complaint, and thus, we vacate that ruling and remand the case to the trial court for further proceedings consistent with this opinion.

The record shows that on September 5, 2015, Findley was riding his bicycle on a path in the City's West End Park when he collided with a guy-wire that was anchoring a utility pole on the path, suffering injuries as a result. On March 9, 2016, Findley filed a lawsuit against the City and John Doe defendants[1] to recover for injuries that he suffered as a result of the bicycle accident. Specifically, he alleged that the defendants acted negligently in constructing and maintaining a utility pole along a public path with an anchoring guy-wire that was difficult to see. Thereafter, the City filed responsive pleadings.

Over the course of the next several months, Findley amended his complaint four times. Nevertheless, on November 2, 2016, the City filed a motion for summary judgment, arguing, *inter alia*, that Findley's claims against the City were barred by the doctrine of sovereign immunity. Rather than immediately filing a responsive brief, on December 2, 2016, Findley amended his complaint a fifth time, adding Georgia

---

[1] Although it is unclear from the record, at some point the John Doe defendants were identified as Ruby-Collins/Reynolds/EPR Joint Venture, LLC and its CEO, Benjamin Morgan.

Power Company as a defendant, and a few days later, he filed a motion to amend his complaint. Subsequently, on December 19, 2016, the City filed a motion to strike Findley's fifth amended complaint. And while Findley filed a response, nothing in the record indicates that the trial court ruled on his motion to amend.

On March 27, 2017, the trial court held a hearing on all defendants' motions for summary judgment,[2] during which Findley noted that he had moved to add Georgia Power as a defendant. Nevertheless, on March 31, 2017, the trial court granted defendants' motions for summary judgment, indicating in the order that the case was now closed. A few days later, Findley moved for reconsideration. And on April 24, 2017, he filed a motion to vacate the trial court's summary-judgment order. But on April 26, 2017, the trial court denied Findley's motion for reconsideration. Then, on May 1, 2017, and prior to the trial court ruling on his motion to vacate, Findley filed a notice of appeal. This appeal follows.

1. Findley contends that the trial court erred in granting summary judgment without first ruling on his motion to amend the complaint, in which he sought to add a new party defendant. We agree.

---

[2] The other defendants in the case at that time also filed motions for summary judgment on January 18, 2017.

3

OCGA § 9-11-15 (a), in relevant part, provides:

A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. . . .

And the Supreme Court of Georgia has held that "[t]he right to amend is properly broad, and there is no prohibition against pleading a new cause of action."[3] Furthermore, a pending dispositive motion "will not preclude a party from amending his or her pleading."[4] Indeed, a motion for leave to amend a complaint to add additional claims against existing defendants is "superfluous if it is made before entry of a pretrial order."[5]

That said, when a party wishes to add or drop a party by amendment, "OCGA § 9-11-15 (a) must be read in pari materia with OCGA § 9-11-21,"[6] which, in part,

---

[3] *Hutto v. Plagens*, 254 Ga. 512, 514 (2) (330 SE2d 341) (1985) (punctuation omitted); *accord Benedek v. Bd. of Regents of Univ. Sys. of Ga.*, 332 Ga. App. 573, 574 (1) (a) (774 SE2d 150) (2015).

[4] *Benedek*, 332 Ga. App. at 574 (1) (a).

[5] *Id.* at 574-75 (1) (a).

[6] *Id.* at 575 (1) (b).

provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."[7] And a trial court's decision as to whether a party should be added to a lawsuit "lies in the court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion."[8]

In this matter, as previously noted, the City moved for summary judgment on November 2, 2016. Approximately one month later, Findley filed a motion to amend his complaint by adding Georgia Power as a defendant. Thus, Findley sought leave to add a party defendant more than three and a half months before the trial court held its March 27, 2017 hearing and subsequently ruled on the City's motion for summary judgment. But despite this ample period of time, the record indicates that the trial court never considered—much less ruled upon—Findley's motion to amend his complaint. In fact, although Findley discussed his pending motion during the March 27, 2017 hearing, the trial court explained that it was only considering the defendants' motions for summary judgment at that time. And given that the trial court not only failed to consider Findley's motion to amend but also dismissed his case entirely in

---

[7] OCGA § 9-11-21.

[8] *Benedek*, 332 Ga. App. at 575 (1) (b) (punctuation omitted).

granting summary judgment in favor of the defendants, we must vacate the court's summary-judgment order and remand the case for the court to consider Findley's motion and exercise the appropriate discretion in that regard.[9] In doing so, our ruling should in no way be construed as a comment on the merits of the City's motion for summary judgment or the motion for summary judgment filed by the other defendants who are not parties to this appeal. And regardless of the trial court's ruling on Findley's motion to amend, nothing in this opinion should be construed as barring the City or the other defendants from reasserting their motions for summary judgment.

2. In two separate enumerations of error, Findley further contends that the case-reassignment procedure employed by the Atlanta Judicial Circuit to reassign his case

---

[9] *See Davis v. Ganas*, ___ Ga. App. ___, Slip op. at 11-12 (2) (Case No. A17A1423; decided February 26, 2018) (holding that the trial court erred by granting appellee's motion for summary judgment without even considering appellant's motion to amend complaint despite the fact that appellant filed motion six months prior to trial court ruling on summary judgment); *Benedek*, 332 Ga. App. at 575 (1) (b) (holding that trial court erred in basing its ruling denying appellant's motion to add new defendants on the merits of appellant's claim against proposed new defendants rather than whether new defendants would have been prejudiced and whether appellant had excuse for having previously failed to name new defendants). *Cf. Ekokotu v. Pizza Hut, Inc.*, 205 Ga. App. 534, 537 (5) (422 SE2d 903) (1992) (holding that trial court did not err in granting summary judgment prior to ruling on appellant's motion to add party defendants because finding that there was insufficient evidence to support any of appellant's tort claims rendered motion to add parties moot).

to a different judge was unlawful, and that the trial court's summary-judgment order did not comport with the Uniform Superior Court Rules in several respects. But pretermitting the merit of either of these claims, the trial court did not rule on these issues below, "and this Court cannot address any issue on which the trial court did not rule."[10] Indeed, neither of these claims of error can be gleaned from even the most generous construction of Findley's initial motion for reconsideration, which the trial court considered and denied. And while Findley *did* assert such claims in his motion to vacate summary judgment and his first amended motion for reconsideration, the trial court did not rule on either of those motions prior to Findley filing his notice of appeal. In fact, Findley did not file the latter motion until after filing his notice of appeal. It is, of course, well established that "this Court is for the correction of errors of law, and when the trial court has not ruled on an issue, we will not address it."[11]

---

[10] *Stanley v. Gov't Emp. Ins. Co.*, 344 Ga. App. 342, 346 (2) (810 SE2d 179) (2018) (punctuation omitted); *accord Banks v. Echols*, 302 Ga. App. 772, 778 (2) (691 SE2d 667) (2010).

[11] *Stanley*, 344 Ga. App. at 346 (2) (punctuation omitted); *accord Banks*, 302 Ga. App. at 778 (2).

For all these reasons, we vacate the trial court's order granting summary judgment in favor of the City, and we remand the case for further consideration as directed in this opinion.

*Judgment vacated and case remanded. Doyle, P. J., and Mercier, J., concur.*