# Court of Appeals
# of the State of Georgia

ATLANTA,  March 11, 2025

*The Court of Appeals hereby passes the following order:*

**A24A1683. NANCE v. SHLESINGER et al.**

In June 2023, Appellant Jennifer K. Nance filed suit against her ex-husband, two of his business partners, and a limited liability corporation in which she had a 50 percent interest as a consequence of her divorce. Nance's detailed, 40-page complaint alleges numerous instances of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, money had and received, and dilution; Nance sought, among other things, monies allegedly owed to her, an accounting, the dissolution of the company, punitive damages, and attorney fees. As relevant to this appeal, on September 11, 2023, the two business partners -- Appellees John D. Shlesinger and Samuel D. Holmes -- answered and moved to dismiss Nance's complaint under OCGA § 9-11-12 (b) (6), and on November 8, 2023, Appellees also filed a proposed order granting their motion.

On November 15, 2023, just days after Appellees filed their proposed order, Nance filed a first amended complaint for damages. While the amended complaint largely restates the original complaint -- with some minor edits -- it also includes additional factual allegations, as well as additional legal claims against Appellees, including unjust enrichment, constructive trust, and civil conspiracy.

Five months later, on April 11, 2024, the trial court signed and filed Appellees' November 2023 proposed order granting their motion to dismiss Nance's complaint; the order purports to dismiss all claims against Appellees with prejudice, and it makes the judgment final in accordance with OCGA § 9-11-54 (b). Nance now appeals this order.

On appeal, Nance asserts, among other things, that the trial court erred in dismissing her claims against Appellees Shlesinger and Holmes without first considering her amended complaint. We agree. "As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading." (Citations and punctuation omitted.) *Quattrocchi v. State*, 357 Ga. App. 224, 225 (1) n.1 (850 SE2d 432) (2020). Here, while Nance's first amended complaint plainly supersedes and replaces her original complaint, there is no indication that the trial court considered it before purporting to dismiss all claims against Appellees; indeed, the trial court's order was prepared by Appellees *before* Nance amended her complaint, and the order bears no indication that the trial court considered either the additional factual allegations or legal claims before dismissing Appellees from the action. At the very least, it is not at all apparent to this Court which complaint and what legal claims were actually considered by the trial court below; this uncertainty would needlessly complicate our de novo review, and it must be resolved before any appeal may be considered. Consequently, "[w]e therefore vacate the trial court's order granting the motion to dismiss and remand this case for the trial court to consider whether the claims asserted against the [Appellees] in the [First] Amended Complaint are subject to dismissal on the merits." *Benedek v. Board of Regents of Univ. System of Georgia*, 332 Ga. App. 573, 576 (2) (774 SE2d 150) (2015).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/11/2025_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*